IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action **No. 12-cr-00033-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. JAMSHID MUHTOROV,**

    Defendant.

PROTECTIVE ORDER

Kane, J.

This matter is currently before me on the Government's Motion for a Protective Order for Discovery (doc. 34). Defendant does not oppose this motion, and, pursuant to Fed. R. Crim. P. 16(d), I find the parties' interest in preventing certain sensitive but unclassified discovery materials from being disclosed to anyone not a party to court proceedings in this matter constitutes good cause for the protective order. Accordingly, the motion is GRANTED.

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1)general discovery materials, and (2) sensitive discovery materials. The category to which particular discovery materials belong shall be clearly identified by the government. Depending upon the classification, the discovery materials shall be treated as follows.

## General Discovery Materials

"General discovery materials" shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided directly to the Court *ex parte* and under seal and no dissemination to such experts shall be made until approved by the Court. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record.

In addition, the undersigned counsel of record for the defendant, any co-counsel, and any defense investigator may show (but not provide copies of) any of such general discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case.

## Sensitive Discovery Materials

"Sensitive discovery materials"[2] shall not be further disseminated by the defendant or his counsel of record to any individuals, organizations or other entities, other than (1) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel,

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. This would not prohibit counsel from referencing or citing general discovery materials in any pleading filed with the Court.

[2] The category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal and no dissemination to such experts shall be made until approved by the Court. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide a hard copy of any sensitive discovery material appropriately so marked.

It is expressly understood that the undersigned attorneys of record for the defendant may not show any of such sensitive discovery materials to witnesses or potential witnesses. The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to show particular identified item(s) to a witness and the purpose in doing so. The Notice shall be under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense, may consult with the Government regarding any dissemination requests pursuant to this paragraph.

All declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government. Defense counsel will return the FISA Information, and all copies thereof, to the Government at the conclusion of the case. Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order. Defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission."

All such sensitive discovery materials are to be provided to the defense, and used by the

defense, solely for the purpose of allowing the defendant to prepare his defense and that none of the sensitive discovery materials produced by the government to the defense shall be disseminated to the media.

None of the sensitive discovery materials produced by the government to the defense shall be disseminated to the media by the government.

Any papers to be served upon the Court by either party which include sensitive discovery materials or refer to the contents of sensitive discovery materials shall be filed under seal.

Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal.

Defense counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place.

Notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISArelated litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

Dated: March 13, 2012            BY THE COURT

                                                   **/s/ John L. Kane**
                                                   Senior U.S. District Court Judge