IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00033-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMSHID MUHTOROV, and
BAKHTIYOR JUMAEV,

      Defendants.

---

ORDER re Doc. 116

---

**Kane, J.**

      I am not amused.  After a hearing on Monday attended by all counsel in this matter at which discovery and CIPA matters were openly and comprehensively discussed, counsel for Defendant Muhtorov on Tuesday filed a 20-page "Memorandum of Law" raising for the first time counsel's concern that next week's § 2 CIPA hearing – which was set in open court during a status conference held March 19, 2012 – is actually an *ex parte* § 4 hearing at which specific rulings regarding the disclosure and nondisclosure of classified information to Defendant would be made without notice to him.  Mr. Muhtorov also seeks an order opening the hearing to defense counsel or, if it goes forward on an *ex parte* basis, that counsel for Mr. Muhtorov be permitted to participate in a "separate" *in camera* and *ex parte* hearing before the Court makes any decisions regarding discovery or disclosure of information under CIPA § 4.

      The Memorandum and combined motions are likely premised on an error in the government's original filing of its Motion for Pretrial Conference under CIPA § 2 and premature

in that the May 23 proceedings are not and were never contemplated to encompass CIPA § 4

decision making or rulings.  I am frustrated at the confusion, and the lengthy filing, given that

counsel spent an hour in my courtroom on CIPA discovery matters yesterday, and made no

mention of his concerns.

Let me set the record straight.  The May 23, 2012 proceeding is not and was never

contemplated as being anything other than an initial CIPA § 2 pretrial conference:

- The government filed the Motion requesting the hearing (Doc. 36) "to apprise the Court of the applicability of [CIPA]" and to request a "pretrial conference, pursuant to Section 2 of CIPA, to consider such matters."  Mot. at 1-2.

- In its request for relief, the government "respectfully moves for a pretrial conference pursuant to Section 2 of CIPA to establish a discovery and motion schedule relating to any classified information," (Mot. at 15), at which conference, the government "will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information."

The government made clear that any proceedings under §§ 3 or 4 of CIPA

proceedings would occur later, after the preliminary discussions at the § 2 hearing:

- "Based on that estimate, the government *will request* a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure."  Mot. at 15.

- "Finally, pursuant to Section 4 of CIPA, the government *will request that the Court authorize an in camera, ex parte submission* regarding classified materials that the government believes should be subject to deletion, substitution or disclosure pursuant to a protective order."  *Id.*

Counsel for Mr. Muhtorov, and Defendants generally, may disabuse themselves of any

notion that the May 23, 2012 proceeding is anything other than a CIPA § 2 proceeding.

Having reviewed the electronic docket report in this case, however, it appears confusion

over whether the May 23 hearing would be conducted *ex parte* or otherwise closed to

Defendants stems from the way counsel for the government electronically designated Document 36 upon filing. Neither the Court nor the Clerk's office has any control over the events counsel select when filing electronically, and on March 5, 2012, when the government filed its "Motion for Pretrial Conference," the Motion was entered as a "MOTION for Hearing *In Camera and Ex Parte* by USA as to Jamshid Muhtorov." In turn, in preparing the Minute Entry for the March 19, 2012 conference at which the Motion was granted, the Courtroom Deputy referred to that entry in recording that the "*In Camera* and *Ex Parte* hearing is set on May 23, 2012 at 10:00 a.m." While I understand how this led to an assumption that next Wednesday's hearing is closed to Defendants, I do not understand why the concern was not raised on Monday or why a phone call was not made to clear up any confusion rather than filing a twenty page brief on an obvious point of law. Indeed, the sky is not falling.

CIPA § 2 pretrial conferences are not contemplated under the statute to be *ex parte* proceedings. Under CIPA, the court holds a § 2 pretrial conference "to establish the timing of requests for discovery [and] the provision of notice required by [CIPA] section 5," both of which imply the presence of defense counsel to coordinate timing. In addition, § 2 specifically provides that "no admission made by defendant or by any attorney for the defendant at such a conference may be used against defendant," obviously contemplating the presence of a defendant and defense counsel.

If the government *intended* for its Motion for CIPA § 2 pretrial Conference (Doc. 36) to be a request for an *in camera* and *ex parte* hearing, then it should have captioned its Motion as such and moved formally in the body of its Motion for that relief. If the government simply entered its filing into the Court's CM-ECF system as a Motion for "Hearing *In Camera and Ex*

*Parte*" without intending for it to be *in camera* and *ex parte*, then the government must be more precise in its CM-ECF entry.[1]

Accordingly, the requests for relief embedded in the "Memorandum of Law on Procedures to be Followed at an CIPA 4 Proceedings" (Doc. 116) filed on behalf of Mr. Muhtorov today are DENIED as PREMATURE. The May 23 hearing is not a CIPA § 4 hearing and was not converted into one by operation of the March 19 Minute Entry (Doc. 55). However, that Minute Entry (Doc. 55) is AMENDED to clarify that the May 23 hearing is not *in camera* or *ex parte*. To the extent specific matters arise during the course of the May 23 hearing that require *in camera* or *ex parte* attention, they will be addressed accordingly at that time.

DATED:      May 16, 2012

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE

---

[1] This is not the only instance where counsel's selection of events or keyboard entries in CM-ECF have caused confusion. There have been several motions for relief directed to one or the other Defendant individually which are electronically filed on behalf of both Mr.Muhtorov and Mr. Jumaev. When the motion is ruled on, CM-ECF resolves the motion only for the defendant referenced in the body of the motion, leaving the "gavel" icon erroneously indicating the motion remains pending as to the other Defendant. Again, care in the identification and designations of parties and filings in CM-ECF is critical to proper case management and maintenance of an accurate record. If counsel for Mr. Muhtorov is filing on behalf of Mr. Muhtorov, he should not electronically designate the motion as being filed on behalf of both Defendants and vice versa.