IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-00033-JLK

UNITED STATES OF AMERICA,

  Plaintiff,

v.

1. JAMSHID MUHTOROV,
2. BAKHTIYOR JUMAEV,

  Defendants.
_____

## SUPERSEDING PROTECTIVE ORDER
_____

 Kane, J.

 This matter is currently before me on the defendants' motions/objections (Documents #49, 76, 100, 101, and 115) regarding the government's requests for a Protective Order (Documents #34, 82 and 106). A Protective Order is currently in place (Documents #47 and 85), which shall forthwith terminate and be superseded by this Superseding Protective Order. Since the parties agree there is a compelling interest in preventing certain sensitive but unclassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter, including material that may contain information relevant to ongoing national security investigations and prosecutions and materials implicating the privacy interests of the defendants and third parties, IT IS THEREFORE ORDERED, PURSUANT TO RULE 16(d) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, AS FOLLOWS:

1

1. That the government will segregate the discovery materials it produces to the defendants and their counsel into two categories, namely, (1) general discovery materials, and (2) sensitive discovery materials. The government will identify the category to which particular discovery materials belongs by the use of initials, specifically, "G" for general discovery, e.g. G_000001, and "SBU" for sensitive discovery, e.g. SBU_000001.

2. General discovery materials, including reciprocal discovery produced by either defendant to the government, shall be handled in accordance with the local rules of criminal procedure applicable rules of professional conduct, and any orders of the Court

3. Sensitive discovery materials shall not be disseminated [1] by defense counsel to any individuals, organizations, or other entities, other than (1) members of the defense team (attorneys, co-counsel, paralegals, investigators, translators, litigation support personnel, secretarial staff, and each defendant); (2) experts retained to assist in the preparation of the defense; and (3) third party witnesses or potential witnesses if the sensitive discovery materials is the witness' own statement.

---

[1] "Disseminated," unless otherwise provided for in this Order, means to provide, show, or describe to another a particular piece of discovery, or quotations, excerpts, or summaries derived therefrom, except during the course of a judicial proceeding or in a written submission to the court. See paragraph *10 of this Order*, describing the need to file under seal any pleadings that include or refer to sensitive discovery materials.

When interviewing a potential witness, sensitive discovery materials may be used as the basis for the interview as long as the sensitive discovery material is not identified or shown to the witness, and the witness is not provided a copy.

4. Each person to whom sensitive discovery material is disseminated by defense counsel will be provided with a copy of this Order and advised that he or she shall not disseminate the materials except at the direction of the defense counsel who has provided such material. When sensitive discovery material is disclosed by defense counsel or by a third party to whom the material has been disseminated under the provisions of this Order, the person to whom such disclosure is made will be provided with a copy of the Order and will further sign an exact duplicate of the Memorandum of Understanding, which is attached hereto. Defense counsel will maintain copies of all memoranda of understanding that are signed pursuant to this provision. At the conclusion of the case; or, at an earlier time if ordered by the Court, defense counsel shall file with the Court ex parte and under seal copies of the executed memoranda of understanding.

5. Defense counsel will also maintain a confidential log that contains the name of each person to whom sensitive discovery is provided, the member of the defense team who provided it, the Bate stamped SBU number of the discovery provided, the date it was provided, the date when a copy of this Order was given to the person receiving the discovery, and

the date the discovery was returned to defense counsel by the person. Defense counsel shall also include a notation of any potential third party witness to whom sensitive but unclassified material has been disclosed. A copy of the form of the log is attached. At the conclusion of the case; or, at an earlier time if ordered by the Court, defense counsel shall file with the Court ex parte and under seal copies of the logs.

6. All sensitive discovery materials will be returned to the government at the conclusion of the case, including any related appeal, petition for writ of certiorari, petitions for writ of habeas corpus and/or other collateral challenges.

7. All declassified FISA information provided as part of the sensitive discovery materials is the property of the United States Government, and defense counsel will therefore return such FISA Information, and all copies thereof, to the government at the conclusion of the case. Defense counsel may only make copies of the FISA Information in accordance with this Order.

8. Sensitive discovery materials will be provided via electronic media and shall contain the following inscription provided by the government: "Sensitive Discovery Materials – U.S. Government Property; May Not Be Used Without U.S. Government Permission– Sensitive Discovery Materials."

9. No party shall make extra judicial disclosure of sensitive discovery materials other than in accordance with this Order.

10. Any pleadings of any nature that include or refer to sensitive discovery materials must be filed as restricted documents under seal.

11. Defense counsel, and all other persons who receive sensitive discovery materials pursuant to this Order, shall store all discovery materials, and any copies thereof, in a secure place.

12. The disclosure or discovery of materials submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA.

It is understood that the parties may, by motion, seek revisions of this Order or further protective orders pursuant to Rule 16(d) of the Rules of Criminal Procedure or other applicable rule, statute, or case law.

SO ORDERED:

September 21, 2012  *s/John L. Kane*
Date  JOHN L. KANE
 United States District Court Judge
 District of Colorado