IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) Case No. 1:12-cr-00033-JLK | |
| v. | ) | |
| | ) | |
| 1.  JAMSHID MUHTOROV, | ) | |
| 2.  BAKHTIYOR JUMAEV, | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

This matter is before the Court on the Government's Classified *Ex Parte*, *In Camera* Memorandum of Law and Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("Government's Motion")(Doc. 198). By its motion, the government requested that the Court, pursuant to CIPA § 4, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an *ex parte*, *in camera* review of the government's submission; (2) authorize the government to substitute for specified classified information by providing unclassified information to the defense; and (3) order that the entire text of the government's motion and all accompanying exhibits shall not be disclosed to the defense and shall be Sealed and preserved in the records of the Court to be made available for all future review of these proceedings.

The Court has carefully considered the government's discovery obligations, including but not limited to its obligations pursuant to Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Having carefully considered the government's discovery obligations and the government's

motion, its memorandum of law in support of the motion, and the declarations and exhibits filed therewith, the Court **GRANTS** the Government's Motion.

The Court finds that the Government's Motion was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera*, review of the government's classified motion, memorandum of law, classified declarations of United States government officials, and certain documents attached to the government's motion.

On the basis of the Court's independent review of the information and the arguments set forth in the Government's Motion, the Court finds that the classified information referenced in the government's motion implicates the government's national security and classified information privilege because the information is properly classified, and its disclosure could cause serious damage to the national security of the United States. Furthermore, the Court finds that none of the classified information is exculpatory, *see Brady v. Maryland*, 373 U.S. 83 (1963).

Accordingly, **IT IS ORDERED** that the government is authorized to withhold from discovery to the defense at this time the classified information outlined in the Government's Motion.

**IT IS FURTHER ORDERED** that the government may disclose the proposed unclassified substitution to the defense in lieu of providing the defense with selected classified information, as outlined in this Court's classified order. The government's proposed unclassified substitution is sufficient to address any obligation the government might have to produce the underlying classified materials and information to the defense at this time. The government's proposed substitution fairly states the relevant elements of the classified documents.

**IT IS FURTHER ORDERED** that the Government's motion, memorandum of law, and all accompanying declarations and exhibits shall not be disclosed to the defense, and shall be Sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

**IT IS SO ORDERED**, this 3d day of October, 2012.

s/John L. Kane
SENIOR U.S. DISTRICT JUDGE
