**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No 1:12-cr-00033-JLK-02

UNITED STATES OF AMERICA

    Plaintiff,

v.

2.    BAKHTIYOR JUMAEV,

    Defendant.

---

**GOVERNMENT'S SURREPLY AND OPPOSITION TO DEFENDANT JUMAEV'S REPLY TO "GOVERNMENT'S RESPONSE TO USE EVIDENCE OBTAINED UNDER OR DERIVED FRO SURVEILANCE AUTHORIZED BY THE FISA AMENDMENT ACT OF 2008 ("FAA") (Doc. 458) (Doc. 470)**

---

Comes now the United States of America, by John Walsh, United States Attorney, and Gregory Holloway, Assistant United States Attorney, both for the District of Colorado and Erin Creegan, Trial Attorney United States Department of Justice, National Security Division, Counterterrorism Section, and respectfully submits the following Surreply and Opposition to *Defendant Jumaev's Reply to "Government's Response to Defendant Jumaev's Motion for Notice of Whether the Government Intends to Use Evidence Obtained Under or Derived from Surveillance Authorized by the FISA Amendment Act of 2008 ("FAA") (Doc. 458)"*

1

*(Doc. 470)*.

The government's prior response, which is incorporated here by reference, addressed all of the issues raised in the defendant's original motion. However, it bears repeating that, as indicated in our prior response, the United States does not intend to introduce or otherwise use or disclose against Defendant Jumaev in any trial, hearing or other proceeding in this case evidence obtained or derived from a Title VII acquisition to which Jumaev is an aggrieved person. *See* 50 U.S.C. §§ 1806(e), 1881e(a). This surreply addresses two erroneous assertions newly made in the defendant's reply in support of his argument that he is entitled to notice that the government intends to use evidence obtained or derived from the FAA against him.

First, Defendant Jumaev asserts that the statutory notice requirement regarding the intent to use collection pursuant to Title I and III (electronic surveillance and physical search) differs from that for Title VII (FAA), such that he would not have to satisfy all five criteria listed in Title I in order to be entitled to notice of the government's intent to use Title VII obtained or derived information. *Defendant's Motion at 3*. This argument is entirely unsupported by the plain statutory language. 50 U.S.C. § 1881e states in pertinent part:

> (a) Information acquired under section 1881a

> Information acquired from an acquisition conducted under section 1881a of this title shall be deemed to be information acquired from an electronic surveillance pursuant to subchapter I for purposes of section 1806 of this title, except for the purposes of subsection (j) of such section.

Accordingly, the notice provisions regarding FAA collection are identical to those regarding Title I electronic surveillance. That is, the government's notice obligations regarding its use of FISA information under §§ 1806 (Title I), 1825 (Title III), and 1881e (Title VII) apply only if the government (1) "intends to enter into evidence or otherwise use or disclose" (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) an "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. § 1806(c); *see* 50 U.S.C. § 1825(d).

Second, Defendant Jumaev claims that the term "aggrieved person" does not have the same meaning under FISA and the FAA, in support of his argument that he should not be required to be an aggrieved person for the purposes of satisfying the notice criteria applicable to the use of information obtained or derived from the FAA. *Defendant's Motion at 21.* This assertion is similarly unfounded. As is clear from the statutory language, information acquired pursuant to Title VII is deemed to be information obtained via electronic surveillance under Title I of FISA for, among other things, the purposes of the

applicability of the statutory notice requirement and the suppression and discovery provisions in Section 1806.  50 U.S.C. § 1881e.  Title I defines an "aggrieved person" to be either "a person who is the target of an electronic surveillance" or "any other person whose communications or activities were subject to electronic surveillance."  50 U.S.C. § 1801(k).  Therefore, the definition of the term "aggrieved person" is the same for purposes of Titles I and VII.

Finally, the defendant's argument that he is entitled to discovery in order to establish that he is in fact an aggrieved person, or otherwise satisfies the criteria for notice of the intent to use FAA information, is without merit.  As explained in the government's prior response, he is not entitled to such discovery because 50 U.S.C. § 1806 provides the only process by which a defendant may seek discovery of FISA applications, orders, and other related materials.   There is no basis under the standard outlined in that provision for ordering such disclosure here.[1]

## CONCLUSION

For the reasons stated above and in the government's response, the Court should deny the defendant's motion.

---

[1] Of course, to the extent that the court wishes to review the FISA applications at issue in this case, the court has access to those materials as part of the Sealed Exhibits to the government's response to the defendants' motion to suppress FISA-acquired evidence – and, to the extent the court would find it helpful, the government will submit a classified pleading *ex parte* and *in camera* to assist with that review.

4

Respectfully Submitted this 4th day of February 2014.

                                 Respectfully submitted
                                 JOHN F. WALSH
                                 United States Attorney

                                 *s/ Greg Holloway*
                                 By: GREG HOLLOWAY, WSBA #28743
                                 Assistant United States Attorney
                                 United States Attorney's Office
                                 1225 Seventeenth Street, Suite 700
                                 Denver, Colorado 80202
                                 Telephone: 303-454-0100
                                 Facsimile: 303-454-0403
                                 Email: Gregory.Holloway@usdoj.gov

                                 *s/ Erin Creegan*
                                 By: ERIN CREEGAN
                                 Trial Attorney
                                 United States Department of Justice
                                 National Security Division
                                 10th Street & Pennsylvania Avenue, NW
                                 Room 2740
                                 Washington, DC 20530
                                 Telephone: 202-353-7371
                                 Facsimile: 202-353-0778
                                 Email: Erin.Creegan@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2014, I electronically filed the foregoing **GOVERNMENT'S SURREPLY AND OPPOSITION TO DEFENDANT JUMAEV'S REPLY TO "GOVERNMENT'S RESPONSE TO USE EVIDENCE OBTAINED UNDER OR DERIVED FRO SURVEILANCE AUTHORIZED BY THE FISA AMENDMENT ACT OF 2008 ("FAA") (Doc. 458) (Doc. 470)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Brain R. Leedy**
Email: Brian_Leedy@fd.org

**Warren R. Williamson**
Email: Rick_Williamson@fd.org

**Kathryn Stimson**
Email: kathryn@stimsondefense.com

**David B. Savitz**
Email: savmaster@aol.com

**Mitchell Baker**
Email: mitchbaker@estreet.com

*S/ Maureen Carle*
MAUREEN CARLE
Legal Assistant
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: 303-454-0100
Email: Maureen.Carle@usdoj.gov