IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00033-JLK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JAMSHID MUHTOROV,

      Defendant.

---

ORDER DENYING MOTION FOR ORDER RE FACILITY TRANSFER (Doc. 627)

---

**Kane, J.**

      I am in receipt of Defendant Janshid Muhtorov's Motion for Order Directing he be Returned to the Denver Detention Center (Doc. 627).  The request for relief is premised on Mr. Muhtorov's assertion that he was transferred from the Denver Detention Center to the Jefferson County Jail in retaliation for his having exercised his religious rights in requesting that no female guard conduct security searches or pat downs of him during the month of Ramadan.  Mr. Muhtorov contends the transfer was in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, which provides a private right of action when the government imposes a "substantial burden on the religious exercise of a person residing in or confined to an institution."

      This is a criminal case.  The relief Mr. Muhtorov seeks is civil in nature.  The inquiry

necessary to a determination that Mr. Muhtorov's transfer violated his civil rights is substantial[1] and beyond the scope of my duties as the judge presiding over his criminal prosecution.  In the absence of a determination that the transfer violated Mr. Muhtorov's civil rights, prison officials' administrative decision of where to house him is entitled to deference.

Defendant Jamshid Muhtorov's Motion for Order Directing he be Returned to the Denver Detention Center is DENIED.

Dated August 26, 2014.

s/John L. Kane_____
SENIOR U.S. DISTRICT JUDGE

---

[1]  Administrative actions of prison officials in transferring inmates are entitled to substantial deference and will not be disturbed if they are "reasonably related to legitimate penological interests." *Frazier v. Dubois*, 922 F.2d 560, 562 (10th Cir. 1990)(applying *Turner v. Safley*, 482 U.S. 78, 84-89 (1987)).  A determination of whether a transfer is "reasonably related to legitimate penological interests" involves a balancing test, directing the district court to weigh a series fact-intensive factors. *Frazier* at 562 (lower court should (1) inquire into whether there is a "valid, rational connection" between the prison action and the "legitimate government interest put forward to justify it," (2) determine whether "there are alternative means of exercising the right that remain open to prison inmates," (3) evaluate "the impact [that] accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally," and (4) look for the presence of "obvious, easy alternatives" to the disputed prison activity.)